**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARIA DE LOS ANGELES GILEDE SOLANO,

    Petitioner,                                 CASE NO:

v.

FREDY RUIZ PARRA,

    Respondent.
_____/

**VERIFIED PETITION FOR THE RETURN OF MINOR**
**CHILD PURSUANT TO THE HAGUE CONVENTION**

Petitioner Maria de los Angeles Gilede Solano ("Petitioner") petitions this Court for the expedited return to Colombia of her twelve-year-old daughter, S.R.G.[1] (the "Child"). In support of her Petition, Petitioner states as follows:

**I. Introduction**

1. This Petition is filed pursuant to the Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention")[2] and the International Child Abduction Remedies Act ("ICARA")[3] for the purpose of returning the Child to Colombia, her habitual residence.

2. Colombia and the USA are both signatories to the Hague Convention and are thus both contracting states subject to the requirements of the Hague Convention.

3. The objects of the Hague Convention are: (1) to ensure the prompt return of children wrongfully removed to, or wrongfully retained in, any contracting

---

[1] In order to protect the Child's identity, her initials are used in lieu of her full name.
[2] Oct. 25, 1980, T.I.A.S. No. 11,670 at 1,22514 U.N.T.S. at 98, reprinted in 51 Fed. Reg. 10494 (1986).
[3] 22 U.S.C.A. §§ 9001-9011.

1

state; and (2) to ensure the rights of custody and access under the law of one contracting state are effectively respected in other contracting states.[4]

4. The Hague Convention authorizes federal district courts to determine the merits of a claim for the wrongful retention of a child.

## II. Jurisdiction and Venue

5. This Court has jurisdiction over this case pursuant to 22 U.S.C.A § 9003(a) and 28 U.S.C. § 1331.

6. Venue is proper pursuant to 22 U.S.C.A § 9003(a) and 28 U.S.C. § 1331 because the Child and Respondent are residing within the Tampa Division of the Middle District of Florida.

## III. Statement of Facts

7. Petitioner is the biological mother of the Child. Petitioner is a citizen of, and resides in, Colombia. A copy of the Child's birth certificate is attached hereto as Exhibit A.

8. Respondent Fredy Ruiz Parra ("Respondent") is the biological father of the Child, was born in Colombia and now resides in Springhill, Florida.

9. The Child was born in the United States of America ("USA") on September 4, 2008. Petitioner and Respondent were married at the time of the Child's birth and resided together in the USA.

10. In November 2010, Petitioner, Respondent and the Child moved from the USA to Colombia.

---

[4] *Id.*

11.     In March 2011, Petitioner and Respondent separated and Respondent returned to the USA.  Petitioner and the Child remained in Colombia.

12.     In 2014, Petitioner and Respondent were divorced.  At the time of the divorce, Petitioner and Respondent agreed that the Child, who was five years old, would remain with Petitioner in Colombia.  Respondent remained in the USA.

13.     Between 2014 and 2018, Respondent maintained limited contact with Petitioner and the Child.

14.     In the summer of 2018, Respondent asked Petitioner to send the Child to the USA in order to visit with Respondent, which Petitioner agreed to do.  During this visit, the Child stayed with Respondent for approximately thirty days before returning to Colombia.

15.     In December 2019, Respondent asked that Petitioner allow the Child to travel from Colombia to Florida in order to spend the holidays with Respondent. Petitioner, once again, agreed to Respondent's request on the condition that Respondent return the Child to Colombia on January 19, 2020.  A copy of the travel itinerary for the Child, which Respondent provided to Petitioner in December 2019, reflecting that the Child would return to Colombia on January 19, 2020, is attached hereto as <u>Exhibit B</u>.

16.     On December 6, 2019, the Child traveled from Colombia to Florida.

17.     On January 3, 2020, Respondent informed Petitioner by telephone that he intended to keep the Child in Florida and that he had no intention of returning the Child to Colombia.

18. On January 19, 2020, rather than return the Child to Colombia, Respondent wrongfully retained the Child in Florida. Respondent is currently wrongfully retaining the Child in Florida.

19. The Child is now twelve years old and is a citizen and habitual resident of Colombia.

20. With the exception of a two-year period after she was born, the Child has resided in Colombia her entire life. She has consistently attended school in Colombia, and the majority of her extended family is located in Colombia. Copies of records reflecting the Child's school attendance during calendar years 2015 through 2019 are attached as Exhibit C.

21. Following his wrongful retention of the Child, Respondent has limited Petitioner's communication with the Child. In particular, Respondent has blocked Petitioner's telephone calls and has prohibited the Child from speaking with Petitioner by telephone unless he initiates the call to Petitioner and is physically present to monitor the Child's communications with Petitioner.

22. Notwithstanding Respondent's efforts to curtail Petitioner's communications with the Child, Petitioner has continued to exercise her parental rights over, and maintain her relationship with, the Child. Petitioner communicates with the Child by telephone whenever Respondent permits her to do so and continues trying to initiate telephone calls to the Child.

23. During several telephone calls with Respondent since January 2020, Petitioner has insisted that Respondent return the Child to Colombia as previously agreed, but Respondent has refused to do so.

24. On March 18, 2020, Petitioner filed an application under the Hague Convention with the U.S. Department of State. A copy of Petitioner's Hague application is attached hereto as <u>Exhibit D.</u>

25. According to information provided by the U.S. Department of State, the Child is currently residing with Respondent at 4179 Elwood Road, Spring Hill, Florida 34609 and is attending school in Spring Hill, Florida.

## IV. <u>Claim for Relief Under the Hague Convention</u>

26. Article 3 of the Hague Convention provides that the retention of a child is wrongful where (1) it is in breach of rights of custody attributed to a person under the laws of the country in which the child was habitually resident immediately before the retention; and (2) at the time of retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the retention.

27. Articles 253, 288 and 289 of the Colombian Regulation of Parental Authority give Petitioner the right to exercise custody over the Child, the right to have unimpeded contact with the Child and the right to participate in any decision regarding the place of residence of the Child. A copy of the Colombian Regulations of Parental Authority is attached hereto as <u>Exhibit E.</u>

28. As set forth above, on or about January 19, 2020, Respondent wrongfully retained the Child in Florida during the Child's temporary visit with Respondent. Since wrongfully retaining the Child in Florida, Respondent has denied Petitioner's repeated requests to return the Child to Colombia, has limited Petitioner's contact with the Child and has attempted to establish the Child's residence in Florida without Petitioner's

consent, all in violation of Petitioner's custody rights under Articles 253, 288 and 289 of the Colombian Regulation of Parental Authority.

29. Up until the time of Respondent's wrongful retention of the Child, Petitioner exercised her parental and custodial rights over the Child and maintained a relationship with the Child through daily in-person contact. In spite of Respondent's wrongful retention of the Child in the USA, Petitioner has continued to maintain a parental and custodial relationship with the Child by communicating with her by telephone as often as Respondent will allow. Respondent has deprived Petitioner of in-person contact with the Child since December 2019.

30. Based on these facts, Respondent has wrongfully retained, and continues to wrongfully retain, the Child in the state of Florida in violation of Article 3 of the Hague Convention despite Petitioner's efforts to have the Child returned to Colombia.

31. The Court must return the Child to Colombia because a preponderance of the evidence establishes that:

   a. Colombia was the Child's habitual residence until January 19, 2020, when Respondent wrongfully retained the Child in the USA where he has continued to wrongfully retain her;

   b. Petitioner was exercising her parental and custodial rights at the time Respondent wrongfully retained the Child and has continued exercising parental and custodial rights since that time;

   c. The Child is under the age of sixteen years; and

   d. None of the narrow exceptions to mandatory return under the Hague Convention apply.

6

## V. Request for Provisional Remedies

32. Pursuant to 22 U.S.C.A. § 9004 and Hague Convention, Article 16, this Court is authorized to prevent the Child's removal or concealment from this Court's jurisdiction before the final disposition of this Petition.

33. In order to ensure the Child is not removed from this Court's jurisdiction, Petitioner requests that this Court issue an immediate order restraining Respondent from removing, or directing anyone else to remove, the Child from the jurisdiction of this Court and requiring Respondent to surrender his and the Child's passports to this Court. Petitioner also asks that this Court schedule an expedited hearing on the merits of this Petition.[5]

## VI. Expenses and Costs

34. To date, Petitioner has incurred, and will continue to incur, expenses and costs as a result of the wrongful retention of the Child by Respondent.

35. Petitioner respectfully requests that this Court award her all expenses and costs, including interpreter expenses and transportation costs, incurred in connection with this Petition, as required by 22 U.S.C. § 9007.

WHEREFORE, Petitioner prays for the following relief:

(a) A temporary restraining order prohibiting the removal of the Child from the jurisdiction of this Court pending a hearing on the merits of this Petition and further providing that no person acting in concert or participating with Respondent shall take any action to remove the Child from the jurisdiction of this Court pending a determination on the merits of this Petition;

---

[5] At the time she is filing this Petition, Petitioner is also filing a motion for temporary restraining order.

(b) The scheduling of an expedited preliminary injunction hearing on the merits of the Petition, together with an order that Respondent show cause at the hearing why the Child should not be returned to Colombia and why such other relief requested in the Petition should not be granted;

(c) A final judgment in Petitioner's favor establishing that the Child shall be returned to Colombia, where an appropriate custody determination can be made by a Colombian court under Colombian law;

(d) An Order requiring that Respondent pay Petitioner's expenses and costs, including transportation costs, under 22 U.S.C. § 9007; and

(e) For any further relief as may be just and appropriate under the circumstances of this case.

Dated this 10th day of September, 2020.

        Respectfully submitted,

*/s/ Daniel Hernandez*
DANIEL HERNANDEZ
Florida Bar No. 176834
KATHLEEN M. KRAK
Florida Bar No. 145548
dhernandez@shutts.com
kkrak@shutts.com
tmcdonald@shutts.com
SHUTTS & BOWEN LLP
4301 W. Boy Scout Blvd., Suite 300
Tampa, FL  33607
Tele:  813-229-8900
Fax:  813-229-8901
*Attorneys for Petitioner*

8