# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARIA DE LOS ANGELES GILEDE SOLANO,

    Petitioner,

v.    CASE NO. 8:20-cv-2127-T-02CPT

FREDY RUIZ PARRA,

    Respondent.
_____/

## ORDER GRANTING TEMPORARY RESTRAINING ORDER PURSUANT TO HAGUE CONVENTION

Upon due and careful consideration of the Verified Petition for Return of Minor Child (Dkt. 1) and Petitioner's Motion for Entry of Temporary Restraining Order Pursuant to Hague Convention (Dkt. 3), the motion is granted.

A child wrongfully removed from her country of "habitual residence" must be returned to that country unless the totality of the circumstances dictates otherwise. *Monasky v. Taglieri*, 140 S. Ct. 719 (2020). The minor child (S.R.G.) of the parties has lived with her mother, Petitioner, in Colombia for most of her life, and has attended school through the fifth grade in Colombia. Petitioner permitted the child to visit her father, the Respondent, in Florida in December 2019. The father failed and refused to return the child to Colombia.

The Court finds the allegations of the Verified Petition, and the attachments thereto, satisfy the requirements of a temporary restraining order under Federal Rule of Civil Procedure 65 and the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"), Oct. 25, 1980, T.I.A.S. No. 11,670, S. Treaty Doc. No. 99–11 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10494 (1986), as implemented by the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq*. Specifically, the four requirements for injunctive relief have been met. *See Schiavo v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir.2005).

First, Petitioner is likely to succeed on the merits and, second, she will suffer irreparable injury unless equitable relief is granted. The minor child of the parties (S.R.G.) has been wrongfully retained by the Respondent in Florida within the jurisdiction of this Court, and the child's habitual residence is Colombia. Petitioner has exercised her custodial right to the child, but Respondent has limited her communication with the child. The irreparable harm is evident if Respondent flees this jurisdiction with the child, making it difficult or impossible to locate them again.

Third, the threatened injury to Petitioner—concealing the child from Petitioner— outweighs any damage to Respondent until this Court has had an opportunity to consider the merits. Finally, an injunction is not adverse to the

public interest as set forth in the Hague Convention to resolve child custody issues in the country of residence of the child. The status quo will therefore be preserved.

It is therefore **ORDERED AND ADJUDGED** as follows:

1) The motion for temporary restraining order (Dkt. 3) is granted.

2) Respondent shall surrender his and the child's passport to the Court pending resolution of the Verified Petition.

3) Respondent and the child shall remain in this jurisdiction of this Court pending final resolution or further order of this Court.

4) A telephonic status conference is set for September 18, 2020 at 12:30 p.m.

5) The final hearing on the Verified Petition will be set by separate notice and order.

**DONE AND ORDERED** at Tampa, Florida, on September 11, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE